# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 4, 2003

## RODNEY DIMITRI CAPLES v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23806     Chris Craft, Judge**

---

**No. W2001-01976-CCA-MR3-CD  - Filed April 14, 2003**

---

## ORDER

The Defendant, Rodney Dimitri Caples, was originally indicted for rape of a child.  He subsequently entered a "best- interest" plea of guilty[1] to the lesser-included offense of aggravated sexual battery.  He later filed for post-conviction relief, alleging that he had received ineffective assistance of counsel and that, as a result, his guilty plea was not knowing or voluntary.  After an evidentiary hearing, the trial court denied his petition.  This appeal followed.

The only proof offered by the Defendant at his post-conviction hearing was his own testimony.  He complained that his lawyers,[2] provided by the Public Defender's office, did not prepare for trial and, as a result, coerced him into pleading guilty.  The State called Sherry Brown, the lawyer who both supervised the Defendant's first lawyer and assumed the Defendant's representation when that lawyer left the office.  Ms. Brown's testimony contradicted the Defendant's testimony in numerous respects.  A transcript of the Defendant's plea hearing was also admitted. The trial court took the matter under advisement and subsequently entered a thorough order denying the Defendant's claim for relief.  In pertinent part, the Order provides:

> Petitioner's testimony on cross-examination that he was coerced into entering his plea, and that he didn't understand the judge's questions [at the plea hearing] due to an unspecified illness, is simply not credible.  This Court finds that the Public Defender's office investigated his case early on, prior to the date set for his preliminary hearing.  His prior attorney obtained discovery, and Ms.  Brown explained the issues in his case with petitioner.  The allegations against petitioner, although serious, were simple and straightforward, pitting petitioner's possible testimony against that of the 12 year old victim.  After being informed on trial date

---

[1] See North Carolina v.  Alford, 400 U.S. 25, 91 S.Ct.  160, 27 L.Ed.2d 162 (1970).

[2] The Defendant's initial lawyer was later replaced by Assistant Public Defender Sherry Brown.

that his attorney had left the Public Defender's officer, petitioner was told by his new attorney that his case would not be going to trial, and was reset three days to allow him to think about an offer of settlement. On that date, after discussing his options with his new attorney, he decided to enter a best interest plea to a lesser included offense. Petitioner has not suggested any additional investigation or witnesses that would have induced him to change his plea or the State's offer. He has failed to carry his "burden of proving the allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-30-210(f). He has neither shown that his attorney was deficient nor that he was prejudiced by her representation, and this Court finds that his plea was knowingly, intelligently and voluntarily made.

The evidence does not preponderate against the trial court's findings of fact. No error of law requiring a reversal of the judgment is apparent on the record. Based upon a thorough reading of the record, the briefs of the parties, and the law governing the issues presented for review, the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

Because it appears to the Court that the Appellant, Rodney Dimitri Caples, is indigent, costs are assessed against the State of Tennessee.

_____
DAVID H. WELLES, JUDGE


_____
JOSEPH M. TIPTON, JUDGE


_____
JAMES CURWOOD WITT, JR., JUDGE